IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA

| | |
|---|---|
| Tarpey, LLC, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>Epic Ceramic Proppants, Inc. and Jim Xu, )<br>and individual, )<br>)<br>Defendants. ) | **ORDER DENYING MOTION**<br>**TO DISMISS**<br><br><br>Case No. 1:18-cv-262 |

Before the court is a motion filed by defendant Xu seeking to dismiss the above-captioned action as to him for untimely service of process.

## I. BACKGROUND

Plaintiff Tarpey, LLC is a limited liability that owns warehouse space in Minot, North Dakota, and was leasing space to defendant Epic Ceramic Proppants, Inc. ("Epic"). Defendant Xu appears at all relevant times to have been the President of Epic.

Epic got behind in its rental payments to plaintiff and this lead to numerous exchanges between the parties about that issue, a sale of certain material stored in the warehouse to satisfy all or part of past due rentals, a purported attempt to sell more stored material that plaintiff claims was wrongfully and tortiously frustrated by Xu, and attempts to negotiate a resolution. Eventually, this lead to plaintiff commencing this action in late 2018 for claims of breach of contract, intentional interference with contract, unlawful interference with business, foreclosure of a lien on remaining stored material, and unjust enrichment.

During the process of initiating this action in state court, plaintiff's counsel forwarded copies of a summons and complaint to counsel for defendants along with admissions of service for both

1

defendants. Counsel for defendants initially executed the admissions of service on behalf of both defendants but later informed plaintiff's counsel that he only had authority to execute the admission of service on behalf of Epic. Accordingly, plaintiff's counsel disregarded the signed admission of service for defendant Xu and promptly forwarded the summons and complaint to a process server in Texas to attempt to effectuate service upon defendant Xu at the business address for Epic registered with the Texas Secretary of State as well as at a previous business address. Attempts were made to serve the process in late November 2018, but were unsuccessful. Plaintiff's counsel was advised by the process server that the offices were "closed/vacant."

Epic removed the action to this court by the filing of a notice of removal on December 12, 2018. (Doc. No. 1). On May 17, 2019, plaintiffs filed a proof of service stating that defendant Xu was personally served with the summons, complaint, and notice of removal on May 17, 2019. (Doc. No. 22).

On May 21, 2019, defendant Xu filed the subject motion to dismiss on May 21, 2019, claiming that service was untimely because it was not accomplished within the 90-day time frame provided by Fed. R. Civ. P. 4(m). (Doc. No. 23). Plaintiff has responded, offering a detailed explanation for why there existed good cause for the lack of service within the 90-day time period and why any neglect to diligently accomplish service was excusable. In addition to the inability to accomplish service at the end of November 2018 prior to removal, plaintiff adds the following in it brief with specific allegations of fact backed by an affidavit and other documentary evidence:

> [¶4] On December 12, 2018, Epic filed a Notice of Removal to Federal Court. (Doc. 1). Epic filed its Answer to Complaint on December 13, 2018. Pursuant to the Court's Scheduling Order, the parties were to make their initial disclosures pursuant to Rule 26 of the Federal Rules of Civil Procedure by February 18, 2019. (Doc. 17). Plaintiff anticipated receiving a current business address for Epic in its initial disclosures so that Plaintiff could again attempt service for Epic's president and registered agent, Mr. Xu. On February 19, 2019, Defendant served its Initial Disclosures and listed Mr. Xu as an individual who may have discoverable

2

information in this case. Epic provided an address for Mr. Xu of 820 Gessner Rd., Suite 840, Houston, TX 77024. (Exhibit 5 to Ensrud Aff. Defendant Epic Ceramic Proppants, Inc.'s Rule 26 Disclosures p.1, (i)(1)).

[¶5] On February 21, 2019 the undersigned notified Epic's counsel, Mr. Dawson, via electronic mail that the 820 Gessner Rd., Suite 840, is not a current business address for Epic. The undersigned requested a current address for Mr. Xu and Epic, without delay. (Exhibit 6 to Ensrud Aff. February 19 and 21, 2019 Email Correspondence between Attorney Ensrud and Attorney Dawson). Mr. Dawson then responded as follows on February 21, 2019: "You can just put care of my address and my law firm thanks. I'll amend it tomorrow." (Id.)

[¶6] On February 26, 2019 the undersigned sent an email inquiring as to the status of Epic's amended disclosures because the same had not yet been served. On March 6, 2019, Epic served its amended disclosures listing Attorney Dawson's law firm's address for Mr. Xu. (Exhibit 7 to Ensrud Aff. Defendant Epic Ceramic Proppants, Inc's First Amended Rule 26 Disclosures p.1, (i)). On March 8, 2019, the undersigned inquired with Mr. Dawson if he was now willing to accept service for Mr. Xu since he has listed his law firm's address for Mr. Xu's address. Exhibit 8 to Ensrud Aff. March 8, 2019 Email Correspondence between Attorney Ensrud and Attorney Dawson). Mr. Dawson replied on March 8, 2019: "Service of what? Seems like you guys are way behind on that. . . . Do you really allege he did something in his individual capacity?" (Id.). Mr. Dawson goes on to state, "Why don't you focus on getting me deposition dates?" (Id.) Counsel for Plaintiff informed Mr. Dawson a service address is needed for Mr. Xu to serve him with a deposition subpoena and case pleadings. (Id.) Counsel for Defendant failed to provide a current address for Mr. Xu as requested.

[¶7] Thereafter, a deposition notice dated April 12, 2019 for Mr. Xu was served on Mr. Dawson requiring Mr. Xu to appear for his deposition on May 17, 2019 in Minot, North Dakota at the law offices of Pringle & Herigstad, P.C. (Exhibit 9 to Ensrud Aff. April 12, 2019 Notice to Take Deposition- Jim Xu). Mr. Xu appeared at his deposition on May 17, 2019, and was personally served with the Summons and Complaint at Pringle & Herigstad, P.C. on May 17, 2019 at the conclusion of his deposition. (Doc. 22.) * * * *

(Doc. No. 28).

## II. DISCUSSION

When a plaintiff fails to serve an individual defendant within 90 days of filing the complaint, the court "must engage in a two-step analysis of motions to dismiss a complaint premised upon untimely service of process." Colasante v. Wells Fargo Corp., 81 Fed. App'x 611, 612 (8th Cir. 2003); see also Fed. R. Civ. P. 4(m). "First, [the district court] inquire[s] whether the plaintiff demonstrated good cause for his failure to serve within the prescribed 120–day [now 90-day]

3

period." Colasante, 81 Fed. App'x at 612. "If the district court concludes that good cause is shown, it must extend the time for service." Id. at 612–13; see Fed. R. Civ. P. 4(m); see also Adams v. AlliedSignal Gen. Aviation Avionics, 74 F.3d 882, 887 (8th Cir. 1996) (extension of time for service is mandatory if the court finds good cause for failure to timely serve). "Second, if good cause is not shown, the district court still retains the discretion to grant an extension of the time for service." 81 Fed. App'x at 613 (citing Adams, 74 F.3d at 887). "To warrant such a permissive extension, a plaintiff must demonstrate excusable neglect." Id. at 613.

In this case, it is apparent that plaintiff did not have an address for defendant Xu to make service within the 90-day time period, that plaintiff made reasonable attempts to obtain that information through the Federal Rules governing discovery and otherwise after it was clear defendant Xu would not admit service, and that defendant Xu, acting through his counsel, was less than forthright in providing the necessary information. For these reasons, the undersigned concludes not only that there was good cause for plaintiff not having served defendant Xu with process through the time of his deposition but also, even if good cause was lacking, any neglect would be excusable in any event. Finally, to the extent it is necessary in order to deny defendant's motion, the court extends the time period for making timely service through the date defendant Xu was served as set forth above.

**III.   ORDER**

Defendant's motion to dismiss for failure to timely serve defendant Xu with process (Doc. No. 23) is **DENIED**.

4

**IT IS SO ORDERED.**

Dated this 20th day of November, 2019.

                                              */s/ Charles S. Miller, Jr.*
                                              Charles S. Miller, Jr., Magistrate Judge
                                              United States District Court